Chancellor Rutledge
delivered the decree of the court.
Upon considering this case, the court are of opinion, that in the investigation of it, no evidencé has been adduced to shew that there was any agreement between the • j u bankrupts and the defendant, that their part of the vessel and cargo should be considered as a security to indemnify him for endorsing their notes, and thereby to establish a specific lien on them. On the contrary, Mr. V. who delivered the papers relative to'the vessel and cargo to defendant, and who was the clerk of the bankrupts, did it without anj' orders from them, and merely because he was a. *290 partner in tbe business, and not with a view to secure de?-fendant as an endorser. Another circumstance is, that' the vessel and cargo did not come into the" defendants pos- ° r session until July. That he could not therefore be looked upon as having a legal lien on them before he had possession ; four months previous to which, the Hargreaves had been bankrupts,'and their rights transferred to their assignees'. Had defendant been in possession of the property at the time he endorsed the notes, or had he endorsed them on account of the concern’, the case would Have been widely different. He can therefore only be viewed in the light of a common endorser: but though not really a bona fide creditor at the time of the bankruptcy, yet as he was liable to pay the notes, and has been obliged ultimately to pay them,-he must come in as a general creditor in consequence of the liberal construction which has always been given to the 42d section of the bankrupt law.- He must therefore account before the master for the bankrupts share' of the vessel and cargo.
Peace & Ciieves for complainants.
DicicinsOn for defendants.